

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 4000*
*Pittsburgh, Pennsylvania  15219*    *412/644-3500*

February 20, 2006

Linda Cohn, Esq.
Federal Public Defender's Office
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA  15222-3716

Re:  United States of America v.
     Roderick Long
     Criminal No. 04-159

Dear Ms. Cohn:

This letter sets forth the agreement by which your client, Roderick Long, will enter a plea of guilty in the above-captioned case. The letter represents the full and complete agreement between Roderick Long and the United States Attorney for the Western District of Pennsylvania. The agreement does not apply to or bind any other federal, state, or local prosecuting authority.

Upon entering a plea of guilty, Roderick Long will be sentenced under the Sentencing Reform Act, 18 U.S.C. §3551, *et seq*. and 28 U.S.C. §991, *et seq*. The Sentencing Guidelines promulgated by the United States Sentencing Commission will be considered by the Court in imposing sentence. The facts relevant to sentencing shall be determined initially by the United States Probation Office and finally by the United States District Court by a preponderance of the evidence.

    A.    The defendant, Roderick Long, agrees to the following:

        1.    He will enter a plea of guilty to Count Two of the Superseding Indictment at Criminal No. 04-159 charging him with violating Title 18, United States

LIMITED OFFICIAL USE



Code, Section 2252(a)(2), pursuant to Rule 11 of the Federal Rules of Criminal Procedure.

2. He acknowledges his responsibility for the conduct charged in Counts Three and Four of the Superseding Indictment at Criminal No. 04-159 and stipulates that the conduct charged in those Counts may be considered by the Probation Office or by the Court in imposing sentence. He also acknowledges his responsibility for the conduct charged in Count One of the Superseding Indictment at Criminal No. 04-159; in particular, he acknowledges that he engaged in electronic communication of a sexual nature with the person identified as the "child victim's mother" in the Superseding Indictment and further acknowledges that some of these electronic communications were of a sexual nature concerning the child victim.

3. He will pay mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664, to the victims and/or other persons or parties authorized by law in such amounts, at such times, and according to such terms as the Court shall direct.

4. If the Court imposes a fine or restitution as part of a sentence of incarceration, Roderick Long agrees to participate in the United States Bureau of Prisons' Inmate Financial Responsibility Program, through which 50% of his prison salary will be applied to pay the fine or restitution.

4. At the time Roderick Long enters his plea of guilty, he will deposit a special assessment of $100.00 in the form of cash, or check or money order payable to "Clerk, U.S. District Court". In the event that sentence is not ultimately imposed, the special assessment deposit will be returned.

5. He will voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. §2253(a)(3) including but not limited to the following:

> One Soyo Desktop Computer
> One RCA cable modem
> Keyboard
> Mouse
> Webcam
> Speakers
> Computer monitor

~~Dell Latitude Laptop~~ pom RTL

6. He acknowledges that he used the above-described property to commit or to promote the commission of the violations charged in Count Two of the Superseding Indictment, thereby subjecting the above-described property to forfeiture pursuant to Title 18, United States Code, Section 2253(a)(3).

7. He acknowledges that the above-described property is presently the subject of a Criminal Forfeiture action at the above-captioned criminal case number and he herewith voluntarily consents to the District Court entering an order of forfeiture of said property to the United States.

8. Roderick Long waives (a) the right to seek post-conviction DNA testing of physical evidence, pursuant to 18 U.S.C. §3600; and (b) the right to preservation of such evidence to ensure its availability for DNA testing, pursuant to 18 U.S.C. §3600A.

9. As required by 18 U.S.C. §§3563(a)(8), 3583(d), and 4042(c)(4), Roderick Long agrees to report the address where he will reside and any subsequent change of residence to the probation officer responsible for his supervision, and further agrees to register as a convicted sex offender under the law of any state in which he resides, is employed, carries on a vocation, or is a student.

10. Roderick Long waives any former jeopardy or double jeopardy claims he may have in or as a result of any related civil or administrative actions.

11. Roderick Long waives the right to take a direct appeal from his conviction or sentence under 28 U.S.C. §1291 or 18 U.S.C. §3742, subject to the following exceptions:

    (a) If the United States appeals from the sentence, Roderick Long may take a direct appeal from the sentence.

    (b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Roderick

>     Long may take a direct appeal from the sentence.
>
> (c) Roderick Long specifically reserves the right to take a direct appeal from the district court's guideline calculation and any upward departure(s) that may be imposed by the district court.

> The foregoing reservations of the right to appeal on the basis of specified issues do not include the right to raise issues other than those specified.

> Roderick Long further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence.

B. In consideration of and entirely contingent upon the provisions of Parts A and C of this agreement, the United States Attorney for the Western District of Pennsylvania agrees to the following:

> 1. After the imposition of sentence, the United States Attorney will move to dismiss the remaining Counts of the Superseding Indictment at Criminal No. 04-159, without prejudice to their reinstatement if, at any time, Roderick Long is permitted to withdraw his plea of guilty. In that event, Roderick Long waives any double jeopardy, statute of limitations, speedy trial, or similar objections to the reinstatement of the Counts dismissed pursuant to this agreement.
>
> 2. The United States Attorney retains the right of allocution at the time of sentencing to advise the sentencing Court of the full nature and extent of the involvement of Roderick Long in the offenses charged in the Indictment and of any other matters relevant to the imposition of a fair and just sentence.
>
> 3. Prior to sentencing, the United States Attorney will, orally or in writing, move that, pursuant to §3E1.1 of the Sentencing Guidelines, the Court reduce the offense level by 3 levels for acceptance of responsibility, on the grounds that the offense level prior to application of §3E1.1 is 16 or greater, and Roderick Long timely notified authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid

          preparing for trial and permitting the Court to allocate its resources efficiently.

    4. The United States Attorney will take any position she deems appropriate in the course of any appeals from the sentence or in response to any post-sentence motions.

C. Roderick Long and the United States Attorney further understand and agree to the following:

    1. The penalty that may be imposed upon Roderick Long is:

        (a) a term of imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 15 years nor more than 40 years

        (b) A fine of $250,000.00 for each Count;

        (c) A term of supervised release of up to life, 18 U.S.C. §3583(k) for each Count;

        (d) A special assessment under 18 U.S.C. §3013 of $100.00;

        (e) Mandatory restitution under the Victim-Witness Protection Act, 18 U.S.C. §§3663, 3663A and 3664.

    2. The Court shall determine the victims and/or other persons or parties who will receive restitution as authorized by law.

    3. The parties agree that for the purpose of the plea, the defendant is not admitting that he engaged in sexual contact with the child victim in this case. The United States intends to present evidence and argue at sentencing that the defendant did engage in sexual contact with the child victim. The defendant

       denies this conduct occurred. The United States agrees that it will not argue that defendant's denial of the alleged sexual encounter with the child victim constitutes failure to accept responsibility.

4. The United States contends that Section 2G2.1 of the November, 2003 Guidelines Manual is the appropriate Guideline in this case via the cross reference in USSG 2G2.2(c). The United States also contends that the vulnerable victim enhancement under 3A1.1(b) is applicable in this case. The Defendant contends that Section 2G2.2 of November, 2003 Guidelines is the appropriate Guideline in this case and that no cross reference is applicable. The Defendant understands that if the district court determines that Section 2G2.2 is the appropriate Guideline and no cross reference applies, the United States intends to ask the Court for an upward departure. The Defendant further understands that the United States will not seek an upward departure if the Court determines that Section 2G2.1 is the appropriate Guideline. The defendant agrees that he will not argue that the government is bound by the sentencing allegations contained in the superseding indictment. The parties agree that if the Court determines that Section 2G2.2 is the appropriate Guideline, the number of images for the purpose of Section 2G2.2(b)(6) is at least 10 but fewer than 150 images. This stipulation represents the parties' best understanding on the basis of the information available as of the date of this agreement. The stipulation is not binding on the District Court and does not preclude the parties from bringing to the attention of the United States Probation Office or the District Court any information not within their knowledge at the time this agreement is executed.

5. The parties agree that the willful failure to pay any fine imposed by the Court may be treated as a breach of this plea agreement. Roderick Long acknowledges that the willful failure to pay any fine may subject him to additional criminal and civil penalties under 18 U.S.C. §3611 et seq.

6. This agreement does not preclude the government from pursuing any civil or administrative remedies against Roderick Long or his property.

7. The parties agree that, although charges are to be dismissed pursuant to this agreement, Roderick Long is not a prevailing party for the purpose of seeking attorney fees or other litigation expenses under Pub. L. No. 105-119, §617 (Nov. 26, 1997) (known as the Hyde Amendment). Roderick Long waives any right to recover attorney fees or other litigation expenses under the Hyde Amendment.

This letter sets forth the full and complete terms and conditions of the agreement between Roderick Long and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied.

Very truly yours,

*[signature: Robert S. Cessar for]*

MARY BETH BUCHANAN
United States Attorney

I have received this letter from my attorney, Linda Cohn, Esquire, have read it and discussed it with her, and I hereby accept it and acknowledge that it fully sets forth my agreement with the Office of the United States Attorney for the Western District of Pennsylvania. I affirm that there have been no additional promises or representations made to me by any agents or officials of the United States in connection with this matter.

*[signature]*
Roderick Long

3/8/06
Date

Witnessed by:

*[signature]*
LINDA COHN, ESQUIRE
Counsel for Roderick Long