IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    )
                             )
    v.                       )    Crim. No. 04-159
                             )
RODERICK LONG                )

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO TENTATIVE FINDINGS AND RULING AND MEMORANDUM IN AID OF SENTENCING**

AND NOW, comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Tina O. Miller, Assistant United States Attorney for said district, and submits the following Reply:

1. The Defendant's attempt to shift the blame on the adult female in this case ignores the fact that without men like Roderick Long, the adult female could not have done the things she did. Long bears responsibility for the atrocities committed on the child victim, as does the adult female and the other men she was involved with.

2. The Court correctly determined that 2G2.1 is the correct guideline in this case. Defendant's argument that his repeated requests for lascivious pictures of the child went unfulfilled are legally irrelevant and in any event, not supported factually by the record. Long did receive pornographic images of the child, images which were created to satisfy the repeated requests of men like Long. Even if no images were ever sent, "to seek by notice" is all one has to do to satisfy the cross reference definition. See generally United States v. Harrison, 357 F.3d 314, 321-22 (3d Cir.

1

2004).  Finally, Defendant's argument concerning the computer enhancement in 2G2.1 is frivolous.  The computer was Long's method of communication with the adult female and it was with the computer that he received, solicited and encouraged the production of the pornographic photographs of the child victim.  Clearly, that enhancement applies.

3.  Similarly, the Defendant's arguments concerning the vulnerable victim are without merit.  The Court's Tentative Findings set forth a legally and factually sound basis for applying the vulnerable victim enhancement. Defendant's attempt to distinguish this case from Wright are unpersuasive.  The custodial relationship that Defendant exploited is in no way reflected in the guideline calculation.  That, in addition to all of the reasons set forth by the Court in its Tentative Findings, provide more than ample reasons to apply the vulnerable victim enhancement.

4.  Defendant's *ex post facto* argument concerning the application of Booker ignores that the Third Circuit has already rejected this argument. See United States v. Pennavaria, 445 F.3d 720 (3d Cir. 2006).  See also United States v. Mornan, 2006 WL 1795122 (3d Cir. June 30, 2006); United States v. Greene, 2006 WL 1976034 (3d Cir. July 14, 2006); United States v. Presley, 2006 WL 1697117 (3d Cir. June 21, 2006)(same).

5.  Defendant's arguments at p. 23-25 concerning the sentences of others does not address the unique facts of each of those cases. Wendell Williams (Criminal No. 04-229, Bloch, J.) was

2

sentenced to 71 months imprisonment to be followed by lifetime supervised release on his conviction of possession of child pornography. It should be noted that no pictures of the child victim were found on Williams' computer, nor was there any evidence or indication that Williams ever traveled to have sex with the child victim. Therefore, the case *sub judice* case is much more egregious than the Williams case. Similarly, Bernie Sherry had <u>one</u> chat with the adult female (compared to Long who chatted several times a week with the adult female for almost 9 months). Bernie Sherry had no images of the child victim on his computer. Even the shocking case of Andrew Hlavac is not as egregious as the Long case because Long was involved with the adult female for a much longer period of time than Hlavac and therefore Long's victimization of the child victim was much more extensive.[1] No pornographic photographs of the child victim were found on Hlavac's computer.

6. Finally, the adult female's version of Long's relationship with her, his trips to Emporium, and his sexual contact with the child victim are corroborated by other evidence in this case. Long admitted to law enforcement officers that he traveled to the Middle District and while on his way there fantasized about having sex with the 2 year old girl. After his travel to Emporium (where Long admits the adult female offered the

---

[1] Like Long, Hlavac denied sexual contact with the child during his initial interview with agents. In fact, the first time he admitted to having sexual contact with the child victim was at his change of plea hearing.

child victim to him for sex, see FBI Report of Interview with Long, p. 5), Long continued to have extensive online contact with the adult female and on December 16, 2003 (after his trip to Emporium) said "I really regret not beuing [sic] with u that day instead of peanut." (December 16, 2003, chat at 10:05:55) Long further states "now that I think about I would rather had been behind u and watching u licking peanut." (December 16, 2003 chat at 10:08:47). It is hard to imagine that Long's statements in these chats mean anything but what they say--that he did have sexual contact with the child victim.

    7.   The government requests that the Court impose a term of lifetime supervised release. As the government's expert, Kenneth Lanning, stated at the detention review hearing in this case in front of Judge Standish, the Defendant is a dangerous individual. (Tr. of June 29, 2004 hearing, Docket No. 10 at p.15) Lanning further testified: Q: Based on your studies of pedophiles and victims, is a sexual interest in children something that necessarily wanes just because you have been caught? A: No. This is what their sexual interest is. That's the important thing to understand, that somebody who has this persistent sexual interest, it doesn't go away. These individuals can make temporary adjustments to reduce risk, but the urges to have the sexual activity seem to last a lifetime." (Tr. p. 17-18) That more child pornography was not found on the Defendant's computer is easily explained, since Long was notified by Richard King (before the

4

search warrants were served in this case) that the adult female had been arrested by the FBI. In fact, encrypted files on Long's computer reveal that Long had an extensive interest in child pornography.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

/s/ Tina O. Miller

TINA O. MILLER
Assistant U.S. Attorney
PA ID No. 71101